UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,  :
    Plaintiff,  :
                           :
  v.  :  File No. 1:07-CV-116
                           :
John Gorczyk, et al.,  :
    Defendants.  :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 58, 59, 61, 65, 68, 72, 74, 75 and 79)

Plaintiff Stephen Bain, proceeding *pro se*, brings this action claiming that the defendants have violated his federal rights under the Constitution and the Americans with Disabilities Act ("ADA"). Pending before the Court is a motion for summary judgment filed by the defendants, as well as the defendants' motion to stay the case due to the fact that similar litigation is pending in state court.

Also before the Court are the plaintiff's motions to compel and to add claims and parties, and a series of procedural motions submitted by various parties. For the reasons set forth below, I recommend that the Court DENY the motion for summary judgment. The motions to stay, to compel, and to add claims and parties are DENIED. To the extent that the parties' procedural motions are not moot, those motions are GRANTED.

## Factual Background

Bain alleges that in August 1998 he pleaded guilty to "a number of criminal charges." He was subsequently sentenced to one to ten years in prison, with a recommendation that he serve his sentence at a work camp. Bain claims that work camp participants are eligible to earn good time credits "on a day for day basis. This means that an inmate who successfully participates in the program will have his term of imprisonment cut in half." (Paper 4-2 at 4).

On September 1, 1998, he reported to a facility in Woodstock to begin serving his sentence. He was sent to the work camp on September 10, 1998, but was removed one week later "'per medical staff.'" He was returned to the work camp on October 21, 1998, and removed again on December 3, 1998. He has not returned to the work camp since 1998. In 2006, he received another sentence of five to ten years, and has most recently been incarcerated out of state.

Bain claims that the defendants denied him access to the work camp because he is physically disabled, and that this denial violates his federal rights. He also alleges that the defendants subjected him to a 50-hour bus ride when they transferred him out of state, and that they have failed

to provide him with proper medical treatment.  For relief, he seeks compensatory and punitive damages.

Several of the claims in this case have been raised in prior actions.  For example, Bain's ADA claim was raised in <u>Bain v. Hofmann</u>, File No. 2:06-CV-59 and <u>Bain v. Hofmann</u>, File No. 1:06-CV-231, both of which were treated as habeas corpus actions and dismissed without prejudice.  He has also raised the claim in state court proceedings.  (Paper 58-5 at 2, citing cases).  One such proceeding was dismissed with prejudice, is on appeal before the Vermont Supreme Court, and provides the basis for the defendants' motion to stay.

<u>Discussion</u>

I. <u>Motion to Stay</u>

Given that there is a similar action pending in state court, the defendants argue that a stay is warranted in the interests of comity, judicial economy, convenience, and avoidance of inconsistent judgments.  Bain's state court action set forth the same facts alleged here, and again claimed that his removal from the work camp violated his rights under the ADA.  The action was brought as a "motion for writ of habeas corpus."  (Paper 58-2).

The State moved for summary judgment in the habeas action, and the Washington Superior Court granted the motion in a seven-page, single-spaced written decision. The Superior Court concluded that Bain's requested relief – a retroactive award of good time credit – was not a "reasonable accommodation" under the ADA. Citing federal law, the court determined that a "reasonable accommodation" is one that gives "meaningful access to the program or services sought." (Paper 58-5 at 4) (internal quotations and citations omitted). "Granting retroactive reduction of term would not give Bain meaningful access to the work camp . . .; it would simply reward him with the same benefit conferred on inmates who have successfully engaged in the work camp program . . . ." Id. The court also reasoned that because work camp participants are not automatically granted a reduction in their prison term, awarding a reduction to an inmate who did not participate in the program would "undermine[] the purpose of work camp and the related incentives that work camp reduction of term is supposed to serve." Id. at 5.

Significant to the instant case, the Superior Court noted in closing that a claim for damages might require a separate analysis.

> If Bain were suing here for . . . damages resulting from some past ADA discrimination, there might be a viable claim that would survive dismissal. But where the case is framed in such a way that the only remedy sought . . . is a retroactive award of unearned sentence reduction credit 'as if' the inmate had participated (but actually did not) in the work camp program, that relief is not a 'reasonable accommodation' under the ADA.

Id. at 6 (emphasis and parenthetical in original).

The defendants contend that if the Vermont Supreme Court affirms the lower court's decision, further consideration of the Bain's ADA claims will be barred by *res judicata*. This is not necessarily so, particularly if the Vermont Supreme Court limits its review to the "reasonable accommodation" issue addressed in the Superior Court's decision. Assuming that appellate review is confined to the Superior Court's decision, the Vermont Supreme Court's holding will be limited to the question of whether an award of good time credits is required by the ADA. As the Superior Court noted, an action for damages for past violations of the ADA will not be foreclosed by such a decision.

The defendants also argue that preclusion rules will apply, in part, because the relief requested in both actions is identical. (Paper 58 at 3). A review of Bain's state court petition, however, reveals that he did not ask for damages. (Paper 58-2). Indeed, damages are most likely unavailable under Vermont's post-conviction relief statute. 13 V.S.A. § 7131 (prisoner may move the court to "vacate, set aside or correct the sentence"). *Res judicata* requires that all claims could have been raised in the prior proceeding. Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). Because Bain did not, and most likely could not, request damages in his habeas proceeding, *res judicata* will not apply.

Similarly, when a parallel state court action is pending, federal court abstention is only appropriate where "the issues and relief sought are the same." Nat'l Union Fire Ins. Co. of Pittsburg, Pa. v. Karp., 108 F.3d 17, 22 (2d Cir. 1997); see also Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (reserving abstention for "exceptional circumstances"). Other factors for consideration on the question of abstention include: (1) the assumption of jurisdiction by either court over any *res*

or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999). These factors are to be "heavily weighted in favor of the exercise of [federal] jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983).

Here, the first abstention factor is not at issue since no property is involved. While the defendants submit that the state court is a more convenient forum, they offer no factual support for his assertion. As to which court took jurisdiction first, the instant case was filed before Bain filed his state court habeas action. On the question of state versus federal law, Bain's primary legal claims are clearly federal in nature. Whether the state court will be able to adequately protect Bain's federal rights is without question, although damages are unavailable in the state court action.

The defendants' most compelling argument is that piecemeal litigation poses a risk of inconsistent judgments. That risk is certainly present *if* the case is remanded for further findings and the lower court addresses additional ADA issues.  However, as discussed above, if the state court analysis remains limited to the question of restoring good time credits, and whether such action is required as a "reasonable accommodation" under the ADA, the ruling is unlikely to pose a danger of inconsistency.  Accordingly, this factor weighs only slightly in favor of abstention. Cf. Nat'l Fuel Gas Supply Corp. v. 138 Acres of Land in the Vill. of Springville, County of Erie, State of New York, 186 F. Supp. 2d 339, 343 (W.D.N.Y. 2001) ("The fact that there may be 'parallel proceedings' in both state and federal court that *may* yield inconsistent results does not represent a threat of irreparable injury.  Cases are legion where parallel proceedings, involving substantially the same parties contemporaneously litigating substantially the same issues in state and federal fora, take place.  Parallel litigation, in and of itself, is not unusual in American jurisprudence.") (emphasis in original) (citations omitted).

In sum, the fact of a parallel state court proceeding does not justify the imposition of a stay. The relief requested in the two proceedings is different, and the state courts' deliberations thus far have focused primarily on the question of whether the relief Bain requested is appropriate under the ADA. Moreover, after reviewing the factors for federal court abstention, it is plain that abstention is not warranted. The motion to stay proceedings is, therefore, DENIED.

## II. Motion for Summary Judgment

The defendants' motion for summary judgment targets Bain's Eighth Amendment claim for inadequate medical care and treatment. The motion submits that Bain's claims fail as a matter of law because "Plaintiff does not have the expert testimony necessary to support a claim of medical malpractice and cruel and unusual treatment in violation of the United State[s] Constitution." (Paper 59 at 2).

In support of their motion, the defendants report that Bain has failed to show that his witnesses will be able to satisfy the elements of a state law medical malpractice claim. Without such a showing, they argue, "[P]laintiff's action must fail as he cannot show that his care and

9

treatment constituted medical malpractice, much less deliberate indifference." Id. at 5. The Second Circuit, however, has rejected the argument that a § 1983 plaintiff is required to offer expert testimony in support of a deliberate indifference claim.

> We have never required plaintiffs alleging a denial of adequate medical care in a Section 1983 action to produce expert medical testimony. The inquiry remains whether the treating physician or other prison official was deliberately indifferent to a prisoner's serious medical needs, not whether the doctor's conduct is actionable under state malpractice law. Expert testimony certainly could have bolstered [the plaintiff's] case at trial, but the absence of such expert proof does not mandate dismissal of his action where the facts support a finding of deliberate indifference.

Hathaway v. Coughlin, 37 F.3d 63, 68 (2d Cir. 1994); see also Olivier v. Robert L. Yeager Mental Health Ctr., 398 F.3d 183, 191 (2d Cir. 2005); Cumberbatch v. Port Auth. of New York and New Jersey, 2006 WL 3543670, at *9 (S.D.N.Y. Dec. 5, 2006). Accordingly, the Court should not dismiss Bain's claim simply because he has failed to identify sources of expert testimony on questions related to the applicable standard of medical care.

To the extent that the defendants are asserting that Bain has not established deliberate indifference, they have

not offered any material facts on this issue. To establish a deliberate indifference claim, a plaintiff must show both an objectively serious medical need and a subjectively sufficient state of mind. See Smith v. Carpenter, 316 F.3d 178, 183-84 (2d Cir. 2003). At summary judgment, it is the defendants' burden to show that the elements of the claim have not been satisfied. See Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002); Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (stating that movant may meet burden by "point[ing] to an absence of evidence to support an essential element of the nonmoving party's claim."). Because the defendants have not offered any facts or arguments relevant to the deliberate indifference standard, and because their request for dismissal for lack of an expert is misplaced, I recommend that their motion for summary judgment (Paper 59) be DENIED.

III. Other Pending Motions

Also pending before the Court are Bain's two motions to compel discovery (Papers 61 and 72) and his motion to add new parties and claims (Paper 61). The first motion to compel claims that he has "received no discoverable

information or documents." (Paper 61 at 2). The defendants' responses make clear, however, that Bain has been sent his medical chart dating back to May 2003, including a separate set of records pertaining to his medical care while incarcerated in Kentucky from January 2007 to October 2007. Other responses will be sent upon payment of reasonable copying fees. See Koehl v. Greene, 2008 WL 2690268, at *3 (N.D.N.Y. June 30, 2008) (requiring *in forma pauperis* plaintiffs in prisoner civil rights case to pay copying fees for discovery).

To the extent that the parties have disagreements over such issues as overbreadth, confidentiality and attorney-client privilege, Bain has failed to demonstrate compliance with Local Rule 26.1(d). The Local Rules require that before a party files a motion to compel, he must provide written certification of his good faith efforts to resolve such disputes. Those efforts must be detailed in an affidavit, which must include (1) certification of good faith efforts, (2) a list of unresolved issues and the reasons therefor, and (3) the dates of consultations, the names of the participants, and the length of time of the conferences (if any). Local Rule 26.1(d)(2)(B). Bain's

failure to comply with this Rule, standing alone, is sufficient ground for denying his motions to compel.

Insofar as Bain contends that responses to his requests for admissions were untimely, his claim is without merit. Although the responses were not sent within 30 days of service, Fed. R. Civ. P. 6(d) permits three additional days when service was made by mail. The responses in question were sent on the 31st day after service, and were therefore timely.

On the issue of expert witness disclosure, the deadlines for such disclosure will need to be adjusted now that the Court has ruled upon the motion for summary judgment and motion to stay. Consequently, supplementation of the expert witness interrogatory is not yet required.

Bain's final argument, still under the heading of a motion to compel, is that in-person depositions are required. This Court has ruled previously that such depositions are not warranted, and maintains that ruling here. Although Bain claims that he is unable to obtain necessary information through other means, he has not yet received all of his discovery (due to the need for copying fees) and may still be able to conduct depositions

13

telephonically. The motions to compel (Papers 61 and 72) are, therefore, DENIED.

Bain's motion to add additional parties and claims is also DENIED. His motion is submitted in the same filing as his initial motion to compel (Paper 61), and is brought under Fed. R. Civ. P. 19. Bain has been alerted previously to the fact that a motion to add parties and/or claims should be made under Fed. R. Civ. P. 15, and not under the joinder provision in Fed. R. Civ. P. 19. See Bain v. Hofmann, 2007 WL 1848035, at *3 (D. Vt. June 25, 2007). The motion to amend must attach a proposed amended complaint that clearly shows all changes to the previous pleading, and may not simply incorporate the pleading by reference without leave of the court. See Local Rule 15.1.

Bain's motion to "joinder" additional parties and claims does not comply with the Local Rule. His motion lists the parties he seeks to add to his complaint, but in several instances fails to allege specific facts aside from incorporation of an exhibit. As to his legal claims, brought pursuant to Fed. R. Civ. P. 18, there is significant overlap with the initial complaint, thus making it difficult

to discern which claims are currently a part of the case and which are amendments.

A motion to amend accompanied by a "red-lined" proposed amended complaint will provide a clear delineation between existing claims and amendments. Local Rule 15.1. Also, because the defendants declined to respond to the substance of the motion until their motion to stay was ruled upon, a new filing that complies with the Local Rules will provide the defendants with another opportunity to respond. Accordingly, the motions to "join" parties and claims (Paper 61) is DENIED.

## Conclusion

For the reasons set forth above, I recommend that the defendants' motion for summary judgment (Paper 59) be DENIED. The defendants' motion to stay (Paper 58) is DENIED, and their motion for extension of the discovery schedule (Paper 65) is GRANTED. The parties shall submit a revised stipulated discovery schedule on or before February 16, 2009.

Bain's motions to compel (Papers 61 and 72) and to add new claims and parties (Paper 61) are DENIED. The defendants' motion for extension of time in which to respond

to Bain's second motion to compel (Paper 75), and their motion for leave to file a surreply (Paper 79) are GRANTED. The parties' remaining motions for extension of time (Paper 68 and 74) are DENIED as moot. Finally, to the extent that Bain has asked for sanctions for discovery-related violations, his motion is DENIED.

Dated at Burlington, in the District of Vermont, this 22<u>nd</u> day of January, 2009.

<u>/s/ John M. Conroy</u>
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).