UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Stephen Bain,

       Plaintiff,

       v.                                  Civil Action No. 1:07-CV-116

Robert Hofmann, *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION
(Doc. 114)

In an Order dated March 24, 2010, Judge Murtha adopted my Report and Recommendation dismissing all claims in this case with the exception of plaintiff Stephen Bain's claim of retaliation.  The Report and Recommendation was issued on February 19, 2010, and no objection was filed.  On April 29, 2010, the defendants filed for summary judgment on the retaliation claim.

Pending before the Court is Bain's motion for an extension of time in which to respond to the defendants' motion for summary judgment.  Bain claims in his motion that he is having difficulty accessing his legal files, the prison law library, and computer resources.  In light of Bain's claims, the motion for extension of time is GRANTED and his opposition memorandum is due on or before August 18, 2010.

Bain also moves the Court for "relief" from the February 19, 2010 Report and Recommendation.  The Report and Recommendation notified the parties that any objection was due within 14 days.  Bain did not object, and Judge Murtha adopted the Report and Recommendation on March 24, 2010.

The Court construes Bain's filing as a motion for reconsideration, pursuant to Fed. R. Civ. P. 54(b), of Judge Murtha's order adopting the Report and Recommendation.  The motion is misplaced, as it claims that the Court based its ruling upon an "erroneous state court finding that is currently on appeal . . . ."  (Doc. 114 at 2.)  As stated in the Report and Recommendation, however, the Court's decision rested both on "the evidence in this case *and* the fact of the state court judgment . . . ."  (Doc. 111 at 21) (emphasis supplied).  Furthermore, the pendency of an appeal does not generally impact the collateral estoppel effect of an otherwise final and valid judgment.  *See Aerogroup Intern., Inc. v. Shoe Show, Inc.*, 966 F. Supp. 175, 180 (W.D.N.Y. 1997) (collecting cases); *see also Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941); *In re Hale Mountain Fish and Game Club*, Nos. 149-8-04 & 259-12-05, 2008 WL 7242611 (Vt. Envtl. Ct. Nov. 21, 2008) (concluding that "Vermont judgments are final unless appellate review of that judgment involves a trial de novo").  I therefore recommend that the motion for reconsideration be DENIED.

Dated at Burlington, in the District of Vermont, this 2nd day of August, 2010.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* Local Rules 72(a), 72(c), 73; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(d).